UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DORN BAILEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) CASE NO. 4:22-cv-14 |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| CHEMTRUSION, INC. | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action brought by Plaintiff, Dorn Bailey ("Bailey" or "Plaintiff"), by counsel, against Defendant Chemtrusion, LLC, ("Chemtrusion" or "Defendant"), for violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA").

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S. C.1331, 1337, 1343 and 1345. This action is being brought pursuant to the ADA, which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5, and Section 102 of the Civil Rights Act of 1991.

2. This Court also has jurisdiction to grant injunctive and declaratory relief and award damages pursuant to 42 U.S.C. §12117.

3. Bailey filed a Complaint of Discrimination with the Indiana Civil Rights Commission that was dual-filed with the Equal Employment Opportunity Commission. On November

4, 2021, the EEOC issued a Dismissal and Notice of Right to Sue. (Exhibit A). Bailey timely files this action within 90 days of his receipt of the EEOC's Dismissal.

4. All relevant events or omissions giving rise to this claim, occurred in Clark County, Indiana, within the jurisdiction of the U.S. District Court for the Southern District of Indiana, New Albany Division.

## II.     PARTIES

5. Plaintiff Bailey is a resident of Louisville, KY, and at all relevant times was an applicant or employee as that term is defined in the ADA.

6. Defendant, Chemtrusion, is a manufacturing services company.

7. At all relevant times, Defendant did business in the State of Indiana, City of Jeffersonville, and continuously employed more than 15 employees.

8. Defendant is a covered entity under the ADA.

## III.     FACTUAL ALLEGATIONS

9. In late 2019, Bailey applied for a position as a Production Operator at Defendant's Jeffersonville, Indiana facility.

10. On or about January 20, 2020, Defendant made a conditional offer of employment to Bailey, which he accepted.

11. Bailey was a qualified applicant.

12. Bailey completed all of the necessary requirements for the position and was then informed that he needed to complete a physical examination.

13. Bailey was referred to Defendant's physician at Baptist Health Occupational Medicine.

14. Prior to the examination, Bailey informed the doctor that he had a disability.

15. Defendant's doctor informed Bailey that he would not approve him to work, based on his disability.

16. Defendant's doctor failed to complete an individualized analysis of whether Bailey could perform the essential functions of the position.

17. Defendant's doctor refused to clear Bailey to work and referred him to the University of Louisville ("U of L") Medical Center to be cleared to work.

18. Bailey went to the U of L Medical Center and the doctor there determined that Bailey could perform the functions of the position without any limitations, and that his disability would not interfere with his job duties.

19. Bailey submitted the doctor's release to Defendant.

20. Defendant then informed Bailey that he would need to have elective surgery in order to qualify for the position.

21. Defendant refused to hire Bailey because of his disability and/or his perceived disability.

22. Even if Bailey was not disabled, Defendant regarded Bailey as disabled.

23. Defendant failed to engage in any good-faith interactions to determine whether an accommodation was necessary for Bailey to perform the essential functions of the position.

24. Bailey has suffered, and continues to suffer, damages as a result of Defendant's unlawful conduct.

## IV-LEGAL ARGUMENTS

## COUNT I-VIOLATIONS OF ADA

25. Plaintiff hereby incorporates by reference paragraphs 1-24.

26. Defendant failed to hire Plaintiff due to his disability.

27. Defendant failed to hire Plaintiff because it regarded him as disabled.

28. Defendant and/or its agent failed to conduct an individualized assessment of whether Plaintiff could perform the essential functions of the position.

29. Defendant failed to accommodate Plaintiff or engage in any good-faith interactions regarding whether an accommodation was necessary.

30. Defendant violated the Plaintiff's rights by requiring him, as a condition of employment, to obtain a medical release indicating he had no restrictions.

31. Defendant violated the Plaintiff's rights by requiring him, as a condition of employment, to undergo surgery.

32. Defendant's unlawful actions were intentional, and with malice or regardless disregard of Plaintiff's federally protected rights.

33. Defendant's unlawful actions deprived Plaintiff of equal employment opportunities due to his disability or perceived disability.

34. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful conduct.

## **PRAYER OR RELIEF**

**WHEREFORE**, Plaintiff, Dorn Bailey, by counsel, does hereby request the following as relief:

a. Enter judgment in favor of Plaintiff,

b. Award lost wages, front pay, and associated benefits due to Defendant's unlawful conduct.

c. Provide injunctive relief enjoining Defendant and its agents from engaging in discrimination based on disability.

d. Award compensation for any and all damages suffered as a consequence of Defendant's unlawful actions.

e. Award compensatory damages for all past and future pecuniary losses, including back pay, front pay, emotional distress, inconvenience, and humiliation.

f. Award punitive and liquidated damages for the malicious conduct.

g. Award all costs and attorney's fees incurred as a result of pursuing this action.

h. Award pre- and post-judgment interest in all sums recoverable.

i. Award all other legal and/or equitable relief this Court deems just and proper.

> Respectfully submitted,
>
> *s/Robin C. Clay*
> _____
> Robin C. Clay, Attorney No. 22734-49
> Curlin & Clay Law, Association of Attorneys
> 8510 Evergreen Ave Suite 200
> Indianapolis, IN 46240
> Tel: (317) 202-0301
> Fax: (317) 282-0688
> rclay@curlinclaylaw.com
>
> *Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

**Plaintiff, by counsel, respectfully demands the Complaint and all triable issues be determined by a jury.**

Respectfully submitted,

*s/Robin C. Clay*

_____
Robin C. Clay, Attorney No. 22734-49
Curlin & Clay Law, Association of Attorneys
8510 Evergreen Ave Suite 200
Indianapolis, IN 46240
Tel: (317) 202-0301
Fax: (317) 282-0688
rclay@curlinclaylaw.com

*Attorney for Plaintiff*