UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DORN BAILEY, | ) | |
|                 Mr. Bailey, | ) ) ) | |
|                 v. | ) ) | No. 4:22-cv-00014-SEB-KMB |
| CHEMTRUSION, INC., | ) ) ) | |
|                 Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)**

Presently pending before the Court is Plaintiff Dorn Bailey's Motion to Supplement Discovery Pursuant to Federal Rule of Civil Procedure 56(d). [Dkt. 64.] Mr. Bailey asks the Court to pause briefing on Defendant Chemtrusion, Inc.'s ("Chemtrusion") Motion for Summary Judgment until he receives more complete responses to interrogatories and requests for production that he served on Chemtrusion in November 2022. For the reasons stated below, Mr. Bailey's Motion is **DENIED**, [dkt. 64], and the Court **ORDERS** Mr. Bailey to respond to the Defendant's Motion for Summary Judgment no later than **December 21, 2023**.

## I.  RELEVANT BACKGROUND

In January 2020, Mr. Bailey received a job offer from Chemtrusion that was contingent on him passing a medical entrance exam. Chemtrusion rescinded the offer when the exam revealed that Mr. Bailey had a hernia, which allegedly made him incapable of meeting the position's lifting requirements. Mr. Bailey claims that Chemtrusion's conduct amounts to unlawful discrimination based on his disability or perceived disability. [Dkt. 46.]

The deadline for non-expert witness and liability discovery in this case was June 23, 2023. [Dkt. 41.] Mr. Bailey served interrogatories and requests for production on Chemtrusion in

November 2022. [Dkt. 64 at ¶ 3.] Chemtrusion responded to those requests in January 2023, and the Parties conducted witness depositions from April to June 2023. [*Id.* at ¶¶ 4-5].

The day that liability discovery closed in June 2023, Mr. Bailey sent Chemtrusion a meet-and-confer letter requesting supplemental responses to interrogatories 3, 4, 6, 9, 11, 13, 14, and 17, and requests for production 2, 3, 4, 5, 6, 7, 8, 9, and 15. [Dkt. 65-1.] The meet-and-confer letter was prompted, at least in part, by Chemtrusion's deposition testimony earlier that month, which led Mr. Bailey to believe that supplemental responses to the November 2022 discovery requests were warranted. [Dkt. 64 at ¶ 9.]

On July 5, 2023, Chemtrusion responded to the meet-and-confer letter and provided supplemental responses to interrogatories 6, 11, 13, and 14. [Dkts. 65-2, 65-3.] Chemtrusion stated that it had already provided complete responses to interrogatories 3, 4, 16, and 17, and requests for production 2, 3, 4, 5, 6, 7, 8, and 9 and, thus, did not provide supplemental responses to those requests. [*Id.*] Chemtrusion reiterated its previous objections to interrogatory 9 and request for production 15 and also did not provide supplemental responses to those requests. [*Id.*]

On July 13, 2023, the Parties appeared for a Telephonic Status Conference with the undersigned. [Dkt. 43.] Although the conference addressed the Parties' request to extend the dispositive motion deadline, Mr. Bailey did not mention the Parties' ongoing discovery dispute or otherwise indicate that this dispute might warrant additional discovery or extensions of case management deadlines. On August 18, 2023, the Parties appeared for a Settlement Conference with the undersigned. [Dkt. 47.] The case did not resolve at the Settlement Conference, and no Party filed any motions regarding any discovery disputes or deadline extension requests ahead of or promptly after the Settlement Conference.

On September 18, 2023, Chemtrusion filed a Motion for Summary Judgment. [Dkt. 50.] Six days later, Mr. Bailey moved to extend his response deadline to accommodate his counsel's vacation. [Dkt. 55.] The motion did not mention any discovery dispute or indicate that counsel would need any additional discovery to prepare a response brief. [*Id.*] The Court granted the motion for time and extended Mr. Bailey's summary judgment response deadline to October 30, 2023. [Dkt. 56.]

On October 12, 2023, Mr. Bailey sent Chemtrusion a second meet-and-confer letter. [Dkt. 65-4.] This letter requested supplemental responses to interrogatories 9, 11, and 14 and requests for production 15, 16, and 17. [*Id.*] In the letter, Mr. Bailey addressed Chemtrusion's July 2023 objections to interrogatory 9 and request for production 15, and also argued that Chemtrusion's supplemental responses to interrogatories 11 and 14 were incomplete. [*Id.*]

On October 25, 2023, Chemtrusion responded to Mr. Bailey's second meet-and-confer letter. [Dkt. 65-5.] As to interrogatories 9, 11, and 14, and request for production 15, Chemtrusion "reaffirm[ed] its position taken in its July 5th response to [Mr. Bailey's] prior meet-and-confer letter." [*Id.*] Chemtrusion also noted that Mr. Bailey's first meet-and-confer letter did not request supplemental responses to requests for production 16 and 17. [*Id.*]

On October 26, 2023, Mr. Bailey filed a Second Motion for an Extension of Time to Respond to Defendant's Motion for Summary Judgment. [Dkt. 59.] This motion was the first time that Mr. Bailey brought the Parties' discovery dispute to the Court's attention. [*Id.*] The Parties appeared before the undersigned four days later for a Telephonic Discovery Conference that was held on the record. [Dkt. 61.] The Court granted in part Mr. Bailey's Second Motion for an Extension of Time, "such that his deadline to respond to the Defendant's Motion for Summary Judgment is extended until November 6, 2023, so that Mr. Bailey may file a motion under Federal

3

Rule of Civil Procedure 56(d)." Mr. Bailey's Rule 56(d) motion is now fully briefed and ripe for review. [Dkts. 62-66.]

## II.  LEGAL STANDARD

"District courts have broad discretion in directing pretrial discovery." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).  Federal Rule of Civil Procedure 56(d) "permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that 'it cannot present facts essential to justify its opposition.'" *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627-28 (7th Cir. 2014) (quoting Fed. R. Civ. P. 56(d)).

Rule 56(d) "places the burden on the [party] that believes additional discovery is required to 'state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery.'" *MAO-MSO Recovery II, LLC v. State Farm Mutual Automobile Insurance Company*, 994 F.3d 869, 877 (7th Cir. 2021).  To meet this burden, the party moving for relief under Rule 56(d) must show: (1) good cause for the discovery delays; (2) the specific discovery that is necessary to prepare a response to the motion for summary judgment; and (3) that the additional discovery will give rise to a genuine issue of material fact. *Volvo Trucks North America a division of Volvo Group Norther America LLC v. Andy Mohr Truck Center*, 2013 WL 12284628, *1 (S.D. Ind. Dec. 13, 2013).

Rule 56(d) motions are often appropriate when the motion for summary judgment is filed before the close of discovery, especially if there are pending discovery disputes. *Smith v. OSF HealthCare System*, 933 F.3d 859, 865 (7th Cir. 2019) (collecting cases).  By contrast, district courts may deny a Rule 56(d) motion when the moving party failed to pursue discovery diligently

4

before the summary judgment motion or when the additional discovery would be futile in opposing the motion for summary judgment. *Id.* at 866.

### III.  DISCUSSION

Mr. Bailey asks the Court to pause summary judgment briefing so that he can obtain "information relating to other vacant positions, information about reasonable accommodations, and information about prior applicants whose conditional offer(s) of employment were also rescinded due to their disability." [Dkt. 64 at ¶ 6.]  He specifically seeks information about four prior applicants whose discrimination allegations were the subject of an ADA lawsuit that the Equal Employment Opportunity Commission brought against Chemtrusion in 2016 ("EEOC Plaintiffs"), "which included allegations against the company that were similar to the allegations made by [Mr. Bailey] in this case."  [*Id.* at ¶ 7.]  Mr. Bailey requested information about other vacant positions in interrogatories 11 and 14, and information about the EEOC Plaintiffs in interrogatory 9 and requests for production 15-17.  [Dkt. 65-4].  He argues that his Rule 56(d) motion is timely because he "is not asking to reopen discovery or to delve into matters that have not been previously requested.  On some issues, [Chemtrusion] agreed to supplement its responses, but failed to do so."  [Dkt. 64 at ¶ 22.]

In response, Chemtrusion argues that because there were no other vacant positions that Mr. Bailey was qualified for when it rescinded his job offer, further discovery on this issue will not lead to evidence that could create a genuine issue of material fact precluding summary judgment.  [Dkt. 65 at 7-9.]  Similarly, Chemtrusion argues that information about the EEOC Plaintiffs is irrelevant to this lawsuit because those applicants applied for positions several years before Mr. Bailey under a different hiring process.  [*Id.* at 9-10.]  To the extent Mr. Bailey argues that information about the EEOC Plaintiffs might be relevant for assessing punitive damages,

5

Chemtrusion notes that the issue of punitive damages is not before the Court, and that its motion for summary judgment only concerns the issue of Chemtrusion's underlying liability. [*Id.* at 10.] Finally, Chemtrusion argues that the Rule 56(d) motion is untimely because it was filed several months after the close of discovery. [*Id.* at 11-13.]

In reply, Mr. Bailey argues that a list of all vacant positions at the time his job offer was rescinded is relevant to whether a reasonable accommodation existed. [Dkt. 66 at ¶¶ 5, 9.] He further contends that information about the EEOC Plaintiffs could reveal evidence of pretext. [*Id.*] Mr. Bailey also faults Chemtrusion for providing "artful responses" to his discovery requests, "which do not fully answer the question posed." [*Id.* at ¶ 6.] Finally, he argues that his Rule 56(d) motion is timely because he could not have filed it until after Chemtrusion filed its Motion for Summary Judgment. [*Id.* at ¶ 14.]

The Court agrees with Chemtrusion that Mr. Bailey has not timely raised this discovery dispute with the Court, since he waited several months after discovery closed to bring the discovery dispute to the Court's attention and has not shown good cause to excuse this delay. Local Rule 37-1 and the Court's Order Regarding Discovery Disputes both set forth the procedure for raising discovery disputes before the Court. [Dkt. 17.] When a discovery dispute occurs, counsel must jointly file a motion requesting a discovery conference with the Magistrate Judge or contact the Magistrate Judge's chambers informally to request a discovery conference. Local Rule 37-1(a); [Dkt. 17.] If the discovery dispute is not resolved at the conference, then a party may file a motion to compel or other motion raising the dispute. Local Rule 37-1(b); [Dkt. 17.]

In this case, Chemtrusion's July 2023 response to Mr. Bailey's meet-and-confer letter made it clear that Chemtrusion had no intention of providing additional supplemental responses to the contested discovery requests. [Dkts. 65-2, 65-3.] At that point, if Mr. Bailey disagreed with

Chemtrusion's response, counsel should have promptly brought the dispute to the Court's attention and requested a discovery conference. If the Magistrate Judge could not resolve the dispute, Mr. Bailey could then have filed a motion to compel. Mr. Bailey has not explained why he failed to take this approach in July 2023, and no reason is apparent from the record. What specifically troubles the Court is that Mr. Bailey had several opportunities to bring this discovery dispute to the Court's attention but failed to do so. For example, he could have raised the dispute during the Telephonic Status Conference in July 2023, before or promptly after the Settlement Conference in August 2023, or in his First Motion for an Extension of Time to Respond to the Motion for Summary Judgment in September 2023. But Mr. Bailey failed to raise the discovery dispute at any of those opportunities and instead waited to raise it via a Second Motion for Extension of Time to respond to Chemtrusion's Motion for Summary Judgment, which he filed on October 26, 2023. [Dkt. 59.] It is not apparent from any of the filings why Mr. Bailey waited until the end of October 2023 to raise a discovery dispute that it is now clear was apparent on July 5, 2023, when Chemtrusion said it would not provide further supplementation.

To the extent Mr. Bailey argues that he relied on Chemtrusion's promises to provide additional supplemental responses to the contested discovery requests after July 2023, [*see* dkt. 64 at ¶ 8], that argument is belied by Chemtrusion's July 2023 response to Mr. Bailey's first meet-and-confer letter. [Dkts. 65-2, 65-3.] Even if Chemtrusion had made such promises, those promises alone could not have amended the Court's case management deadlines or extended the Parties' period to request discovery or file motions to compel because only the Court has the authority to extend its case management deadlines. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause *and with the judge's consent*.") (emphasis added); *Cage v. Harper*, 42 F.4th 734, 743 (7th Cir. 2022) ("In making a Rule 16(b) good-cause determination, the primary

consideration for district courts is the diligence of the party seeking the amendment."); *González-Rivera v. Centro Médico Del Turabo, Inc.*, 931 F.3d 23, 25 (1st Cir. 2019) ("Scheduling orders are essential tools for modern-day case management, and litigants flout such orders at their peril.").

Mr. Bailey argues that his Rule 56(d) motion is timely because it could not have been filed until after Chemtrusion filed its Motion for Summary Judgment. [*See* dkt. 66 at ¶ 14 ("Under Defendant's logic, a 56(d) motion would never be timely or appropriate.") (cleaned up).] While by its very nature a Rule 56(d) motion can only be filed after the opposing party moves for summary judgment, that's not the problem here. The problem is that Mr. Bailey did not seek the Court's assistance in resolving the underlying discovery dispute during the relevant time period—*i.e.*, during the discovery period or perhaps shortly thereafter. Instead, Mr. Bailey waited for months and then raised it for the first time more than one month after Chemtrusion had filed its dispositive motion. That is simply too long to wait before seeking to compel discovery from the opposing party. *Cf. Dixon v. Jefferson Capital Systems, LLC*, 2021 WL 5908431, *12 (S.D. Ind. Dec. 14, 2021) ("While Rule 37 does not place a time limit on filing a motion to compel, courts have recognized that such motions must be timely when viewed in light of the procedural posture of the case. As a general rule, motions to compel filed after the close of discovery are almost always deemed untimely.") (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) ("In light of her lack of diligence in pursuing the perceived inadequacies in discovery [during the discovery period], the district court did not abuse its discretion in denying Ms. Packman's motion to compel as untimely.")).

Case management deadlines are not suggestions or requests—rather, they are court orders that must be followed so that a case can flow smoothly toward a speedy and just result. *See, e.g.*, Fed. R. Civ. Pro. 1 ("These rules . . . should be construed, administered, and employed by the court

and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Neither the Parties' nor the Court's interests are served when case management deadlines are ignored. While the Court may extend deadlines for good cause, Parties must promptly request such relief or promptly bring disputes to the Court's attention so that they can be addressed. Because that did not happen here, the Court must conclude that Mr. Bailey has not met his burden of showing that he pursued discovery with reasonable diligence, and his Motion to Supplement Discovery Pursuant to Rule 56(d) is **DENIED**.[1]

### IV.  CONCLUSION

For the reasons stated above, Mr. Bailey's Motion to Supplement Discovery under Rule 56(d) is **DENIED**. The Court **ORDERS** Mr. Bailey to respond to Defendant's Motion for Summary Judgment **no later than December 21, 2023**. Additional extensions for Mr. Bailey's response brief will not be granted absent good cause. Additionally, because the previously granted extension request and the Rule 56(d) motion have delayed the timely completion of summary judgment briefing, the Court **ORDERS** counsel to promptly file a joint motion to continue the current final pretrial conference and trial dates.

**SO ORDERED**.

Date: 12/1/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robin C. Clay
CURLIN & CLAY LAW
rclay@curlinclaylaw.com

---

[1] Because the Court denies Mr. Bailey's Rule 56(d) Motion as untimely, it need not address whether the requested additional discovery is relevant to the Defendant's Motion for Summary Judgment.

Alexander Phillip Will
Frost Brown Todd LLP
awill@fbtlaw.com